**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DELMA C. GENTRY, individually and
on behalf of herself and others
similarly situated,
<u>Plaintiff-Appellant,</u>

                                    No. 96-1578

v.

ASHLAND OIL, INC., a Kentucky
corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CA-95-362-5)

Argued: January 28, 1997

Decided: February 25, 1997

Before RUSSELL and WILKINS, Circuit Judges, and OSTEEN,
United States District Judge for the Middle District of
North Carolina, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Scott Sumner Segal, SEGAL & DAVIS, L.C., Charles-
ton, West Virginia, for Appellant. Charles McKinley Surber, Jr.,
JACKSON & KELLY, Charleston, West Virginia, for Appellee. **ON**

**BRIEF:** Robin Jean Davis, John Francis Dascoli, SEGAL & DAVIS, L.C., Charleston, West Virginia; Richard Eichert Hardison, Sr., Beckley, West Virginia, for Appellant. Michael D. Foster, JACKSON & KELLY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Delma C. Gentry brought this action against Ashland Oil, Incorporated (Ashland) on behalf of herself and a putative class, claiming that Ashland breached its fiduciary duties and improperly denied benefits under its long-term disability (LTD) plan. See 29 U.S.C.A. § 1132(a) (West 1985 & Supp. 1996). Prior to ruling on the appropriateness of class certification, see Fed. R. Civ. P. 23(c)(1), the district court granted Ashland's motion to dismiss the complaint for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6). We dismiss the appeal of that decision as moot.

The named parties are not strangers to us. Gentry previously sued Ashland, alleging that she had been improperly denied LTD benefits. Reviewing Gentry's appeal of the decision of the district court rejecting her claim, we concluded that the district court had erred in failing to conduct a de novo review of Ashland's benefits determination because the applicable plan documents did not grant Ashland, the plan administrator, discretionary authority to make benefits eligibility determinations or to construe plan terms. See Gentry v. Ashland Oil, Inc., 42 F.3d 1385 (4th Cir. 1994) (unpublished table decision) (per curiam). We therefore remanded for further proceedings before the district court.

Thereafter, Gentry filed the present action, complaining that our prior decision demonstrated that Ashland had taken improper actions

2

in administering the LTD plan and that these actions had resulted in the erroneous denial of LTD benefits to herself and others. Gentry's complaint defined a putative class of all participants in the LTD plan who were denied disability benefits between January 1, 1975 and April 20, 1989. The district court dismissed the complaint as failing to state a claim, and this appeal was taken.

During the pendency of the appeal, however, the district court completed its de novo review in the other action and awarded LTD benefits to Gentry. See Gentry v. Ashland Oil, Inc. , 938 F. Supp. 349, 355-56 (S.D. W. Va. 1996). As a result, her claim for benefits in the present action is moot. See North Carolina v. Rice , 404 U.S. 244, 246 (1971) (per curiam) (explaining that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

Counsel for Gentry and the putative class nevertheless maintains that we should address the merits of the appeal and, if we conclude that the complaint states a claim upon which relief may be granted, remand to permit the substitution of an unidentified class representative. Interests of judicial economy, however, dictate a different course.

Given Gentry's recovery of LTD benefits in the other action, this lawsuit may not proceed unless a plaintiff class is certified. And, a plaintiff class is eligible for certification only if specified prerequisites are met. See Fed. R. Civ. P. 23(a). One of these prerequisites is the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). There simply are no such questions presented by Gentry's complaint that could justify the certification of a plaintiff class. In order to determine liability and damages, an inquiry into each class member's unique circumstances would be required. The court necessarily would be obliged to examine the facts supporting each class member's alleged individual disability. Additionally, the court would be required to construe and apply different provisions of the LTD plan with respect to each denial of benefits. See Simmons v. Poe, 47 F.3d 1370, 1381 (4th Cir. 1995); Boley v. Brown, 10 F.3d 218, 223 (4th Cir. 1993). Because the putative class could not properly be certified, a remand for further proceedings is pointless.

DISMISSED